*** NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER ***

Electronically Filed
Supreme Court
SCWC-13-0003478
15-JAN-2016
08:21 AM

SCWC-13-0003478

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI,
Respondent/Plaintiff-Appellee,

vs.

DAVID LEE GLADMAN,
Petitioner/Defendant-Appellant.

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-13-0003478; CASE NO. 1DTA-13-01011)

SUMMARY DISPOSITION ORDER
(By: McKenna, Pollack, and Wilson, JJ.,
with Wilson, J., concurring separately,
and Nakayama, J., dissenting separately,
with whom Recktenwald, C.J., joins)

Petitioner/Defendant-Appellant David Lee Gladman

(Gladman) seeks review of the Intermediate Court of Appeals's

(ICA) September 18, 2015 Judgment on Appeal filed pursuant to its

August 17, 2015 Summary Disposition Order (SDO).  The ICA

affirmed the District Court of the First Circuit's (district

court) judgment.[1]  The district court adjudged Gladman guilty of

Operating a Vehicle Under the Influence of an Intoxicant (OVUII),

in violation of Hawai'i Revised Statutes (HRS) § 291E-61(a)(3)

(Supp. 2010).[2]  We accepted Gladman's application for writ of

certiorari and now vacate the ICA's Judgment on Appeal and the

district court's judgment, and remand the case to the district

court.

　　　　　After being arrested for OVUII, Gladman was taken to

the police station, where he was read an implied consent form.[3]

---

[1]　　　The Honorable Lono Lee presided.

[2]　　　HRS § 291E-61(a)(3) (Supp. 2010) provides:

(a) A person commits the offense of operating a
vehicle under the influence of an intoxicant if the
person operates or assumes actual physical control of
a vehicle:

. . .

(3) With .08 or more grams of alcohol per two hundred
ten liters of breath . . . .

[3]　　　The form read in relevant part:

1.＿＿ Any person who operates a vehicle upon a public
way, street, road, or highway or on or in the waters
of the State shall be deemed to have given consent to
a test or tests for the purpose of determining alcohol
concentration or drug content of the persons [sic]
breath, blood or urine as applicable.

2.＿＿ You are not entitled to an attorney before you
submit to any tests [sic] or tests to determine your
alcohol and/or drug content.

3.＿＿ You may refuse to submit to a breath or blood
test, or both for the purpose of determining alcohol
concentration and/or blood or urine test, or both for
the purpose of determining drug content, none shall be

(continued...)

Gladman then chose to take a breath test, which resulted in a breath alcohol content reading of 0.119 grams of alcohol per 210 liters of breath. On certiorari, Gladman contends that he did not constitutionally consent to the breath test because his consent was coerced by the implied consent form, which conveyed a threat of imprisonment and significant punishment for refusal to submit to a breath, blood, or urine test under HRS § 291E-68 (Supp. 2010).

In State v. Won, 136 Hawaiʻi 292, 361 P.3d 1195 (2015), we held that the "coercion engendered by the Implied Consent Form runs afoul of the constitutional mandate that waiver of a constitutional right may only be the result of a free and unconstrained choice," and, thus, a defendant's decision to submit to testing after being read the implied consent form "is invalid as a waiver of his right not to be searched." Following this decision, the result of Gladman's breath test is the product of a warrantless search, and the ICA erred by concluding that the district court properly denied Gladman's motion to suppress the

---

[3](...continued)
given [sic], except as provided in section 291E-21. However, if you refuse to submit to a breath, blood, or urine test, you shall be subject to up to thirty days imprisonment and/or fine up to $1,000 or the sanctions of 291E-65, if applicable. In addition, you shall also be subject to the procedures and sanctions under chapter 291E, part III.

breath test result.[4]  Accordingly, Gladman's OVUII conviction cannot stand.

IT IS HEREBY ORDERED that the ICA's September 18, 2015 judgment on appeal affirming the district court's August 22, 2013 judgment is vacated, and the case remanded to the district court for further proceedings consistent with our opinion in State v. Won.

DATED: Honolulu, Hawaiʻi, January 15, 2016.

| | |
|---|---|
| Jonathan Burge<br>for petitioner | /s/ Sabrina S. McKenna |
| | /s/ Richard W. Pollack |
| Brian R. Vincent<br>for respondent | /s/ Michael D. Wilson |



Robert T. Nakatsuji
for *amicus curiae*
Attorney General of
the State of Hawaiʻi

---

[4]     Because we vacate the ICA's judgment based on lack of consent, we do not reach his remaining points of error.